UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
ANDREA DEPHILLIPS ROSSI,

                Plaintiff,

  -against-

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.
-------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:19-CV-5416-FB

*Appearances:*
*For the Plaintiff*:
CHRISTOPHER J. BOWES
54 Cobblestone Dr.
Shoreham, NY 11786

*For the Defendant*:
RACHEL G. BALABAN
Assistant United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

     Andrea Rossi seeks judicial review of the Commissioner of Social Security's denial of her application for disability benefits. Both parties move for judgment on the pleadings. For the following reasons, the case is remanded for further proceedings.

I

Rossi applied for disability benefits based on degenerative spinal stenosis and other impairments. After the Commissioner denied her claim, Rossi requested a hearing before an administrative law judge ("ALJ").

After the hearing, the ALJ found that Rossi's spine condition was severe, but that she had the residual functional capacity ("RFC") "to perform light work. . . except she can frequently crawl; occasionally stoop; never climb ladders, ropes, or scaffolds; occasional overhead reaching with the bilateral upper extremities; she needs to avoid direct exposure to unprotected heights and dangerous moving machinery." AR 14. Based on that RFC assessment, the ALJ found that Rossi could not perform her past work as an industrial designer. However, relying on the testimony of a vocational expert ("VE"), he found that she could perform other jobs—including fast-food worker, cashier, and price marker—and, therefore, was not disabled. The Commissioner's Appeals Council denied review, rendering the ALJ's decision final.

II

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir.

2004); *see also* 42 U.S.C. § 405(g).  The ALJ here failed to apply the correct legal standards in two respects.

First, the ALJ did not address Rossi's complaint of numbness in her left hand and fingers.  This complaint was extensively documented in the medical evidence, particularly in the records of Dr. Denis Ostrovskiy, Rossi's treating neurologist.

Shortly before Rossi applied for benefits in 2017, the Commissioner made significant amendments to the rules governing the consideration of medical evidence.  *See* 82 Fed. Reg. 5844 (Jan. 18, 2017).  Among other things, the amendments deleted the "treating physician rule" and the requirement that ALJs articulate "good reasons" for whatever weight they give opinions from treating sources.  *See id.* at 5853.  While the full ramifications of the amendments remain to be seen, they certainly cannot override the longstanding principle that an ALJ must explain his or her decision at least well enough to allow meaningful judicial review.  *See, e.g.*, *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) ("[W]here we are 'unable to fathom the ALJ's rationale in relation to evidence in the record, especially where credibility determinations and inference drawing is required of the ALJ,' we will not 'hesitate to remand for further findings or a clearer explanation for the decision.'" (quoting *Berry v. Schweiker,* 675 F.2d 464, 469 (2d Cir.1982))); *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) ("The ALJ's

3

opinion denying disability benefits in Halloran's case does not assist our review or generate much confidence in the result."). Thus, the ALJ must either incorporate the evidence of hand numbness into his RFC assessment or explain why he did not credit it.

Second, and relatedly, the ALJ failed to resolve an inconsistency between the VE's testimony and the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles ("SCO"). The Commissioner requires ALJs to "Identify and obtain a reasonable explanation for any [such] conflicts" and to "Explain in the determination or decision how any conflict that has been identified was resolved." SSR 00-4P, 2000 WL 1898704, at *1 (SSA Dec. 4, 2000).

As its name suggests, the SCO details the requirements for the jobs listed in the Dictionary of Occupational Titles, including such requirements as reaching, handling, and fingering. The Commissioner quibbles that it does not specifically address *overhead* reaching and, so, the VE properly relied on his own experience to fill in that detail. Be that as it may, Rossi's complaint of numbness would also impact her ability to handle and finger—as anyone even remotely familiar with a cash register or pricing gun could attest. If, on remand, the ALJ credits that complaint, he must account for all its effects on Rossi's ability to perform other jobs.

## III

Rossi's motion for judgment on the pleadings is granted and the Commissioner's is denied. The case is remanded for further proceedings.

**SO ORDERED.**

                                                             /S/ Frederic Block
                                                             FREDERIC BLOCK
                                                             Senior United States District Judge

Brooklyn, New York
July 19, 2021